**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATEVOSIAN ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ISLICK TRADING LLC, *et al.*, <br><br> Defendants. | Civil Action No. 23-23136 (MAS) (JBD) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court upon Defendants Islick Trading LLC's ("Islick") and Interco Latam LLC's ("Interco") (collectively, "Defendants") Motion to Dismiss (ECF No. 12) Plaintiff Matevosian Enterprises, Inc.'s ("Plaintiff") Amended Complaint (ECF No. 8).[1] After careful consideration of the parties' submissions, the Court decides Defendants' motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, Defendants' Motion to Dismiss is granted.

---

[1] The Amended Complaint also brings claims against Defendant Shimons Express Inc. ("Shimons") and fifty John Doe Defendants. The Court recognizes that Shimons has failed to plead or otherwise defend resulting in a Clerk's Entry of Default on September 6, 2024, and Plaintiff's Motion for Default Judgment remains pending before this Court. (ECF No. 24.)

I.  **BACKGROUND**

A.  **Factual Background**[2]

Plaintiff is a corporation formed under the laws of the State of California, with its principal place of business also in California. (*See* Am. Compl. ¶ 1, ECF No. 8.) Islick is a wholesale distributor of consumer electronics and is an LLC whose members are all citizens of New Jersey. (*Id.* ¶ 2; Reply to Order to Show Cause 2, ECF No. 4.) Interco specializes in sales and supply chains in the consumer electronics industry, and is a corporation headquartered in New Jersey. (*Id.* ¶ 4.) Defendant Shimons Express Inc. ("Shimons") is a corporation headquartered in New Jersey that provides shipping services. (*Id.* ¶ 3.) Plaintiff has also sued fifty John Does (the "Doe Defendants") who are unknown to Plaintiff, and Plaintiff alleges that each Doe Defendant "is legally responsible, negligent, or in some other actionable manner liable for the events and happenings . . . referred to, and proximately and legally caused the injuries to [Plaintiff]." (*Id.* ¶ 5.)

Plaintiff hired Shimons to deliver pallets to Islick, but Plaintiff explicitly notified Shimons to only deliver the pallets after Islick paid its bill. (*Id.* ¶¶ 10-11.) Shimons, however, delivered the pallets, without Plaintiff's authorization, before receiving payment from Islick. (*Id.* ¶ 12.) Plaintiff further alleges that Islick has failed to pay its bill, resulting in a breach of contract entitling it to damages of $159,617. (*Id.* ¶¶ 16-17, 19.)

Plaintiff alleges that Islick and Interco "operate as a unified entity" and that Islick transferred assets to Interco with the purpose of delaying payment to Plaintiff or otherwise placing the assets beyond Plaintiff's reach. (*Id.* ¶¶ 32-33.) Islick allegedly transferred the assets without receiving reasonably equivalent value in exchange. (*Id.* ¶ 33.) This transfer consequently rendered

---

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Islick insolvent, or significantly undercapitalized in relation to its debt, including the obligation owed to Plaintiff. (*Id.* ¶¶ 33-34.)

**B.    Procedural Background**

Plaintiff commenced this action by filing a Complaint on December 15, 2023. (ECF No. 1.) On December 19, 2023, a Text Order to Show Cause was filed by the Honorable Georgette Castner, U.S.D.J., requiring Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.[3] (ECF No. 3.) In particular, the Text Order to Show Cause required Plaintiff to disclose Islick's LLC members and each member's citizenship. (*Id.*) Plaintiff responded on December 28, 2023, attesting that subject matter jurisdiction was based on diversity of citizenship and that each member of Islick is a citizen of New Jersey. (Reply to Order to Show Cause.) The Court accordingly entered an order the next day acknowledging that Plaintiff had pled complete diversity between itself and "each of [Islick's] members."[4] (ECF No. 5.)

Plaintiff subsequently filed an Amended Complaint on April 11, 2024. (*See* Am. Compl.) The Amended Complaint contains one claim against Islick and the Doe Defendants for breach of an implied-in-fact contract ("Count One") (*id.* ¶¶ 13-20); one claim against Shimons and the Doe Defendants alleging breach of an oral contract ("Count Two") (*id.* ¶¶ 21-26); one claim against Shimons and the Doe Defendants for negligence ("Count Three") (*id.* ¶¶ 27-30); and one claim against Interco, Islick, and the Doe Defendants for fraudulent conveyance ("Count Four") (*id.* ¶¶ 31-36).

---

[3] On January 16, 2024, this case was subsequently reassigned to the Honorable Michael A. Shipp, U.S.D.J. (ECF No. 6.)

[4] The Court's Text Order regarding the Order to Show Cause only addressed diversity jurisdiction as it relates to Islick; the citizenship of Shimons and Interco was not discussed. (*See* ECF No. 5.)

On May 1, 2024, Defendants filed a Motion to Dismiss. (*See generally* Defs.' Moving Br., ECF No. 12-1.) Defendants moved to dismiss on the grounds that: (1) there is no subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff has failed to state "all parties' citizenships such that the existence of complete diversity can be confirmed"; and (2) Plaintiff has otherwise failed to state a claim. (Defs.' Moving Br. 2-3.) Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 14),[5] and Defendants replied (Defs.' Reply Br., ECF No. 28).

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1) Standard

Federal courts are courts of limited jurisdiction, meaning that for a federal court to hear a case, it must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *See In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). To satisfy the jurisdictional requirements of the federal diversity statute, 28 U.S.C. § 1332(a)(1), no plaintiff can be a citizen of the same state as any of the defendants, and the amount in controversy must exceed $75,000.[6] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). "[T]he citizenship of an LLC is determined by the citizenship of its members." *Lincoln Ben. Life*

---

[5] The Court acknowledges that Plaintiff filed its opposition late, however, the Court has discretion to consider late filings and chooses to exercise that discretion in this instance. *See Green v. Rowan Univ.*, No. 22-0039, 2023 WL 3675956, at *2 (D.N.J. May 26, 2023) (citing *Simpson v. City of Atl. City*, No. 04-4537, 2007 WL 869528, at *1 (D.N.J. Mar. 20, 2007)).

[6] Plaintiff alleges financial damages of $159,617 (Am. Compl., Prayer for Relief), which satisfies the amount in controversy requirement. As such, Defendants do not dispute subject matter jurisdiction on this basis, and the Court does not discuss it. (*See generally* Defs.' Moving Br.)

*Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).

At any time, a defendant may move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1), (h)(3). "A motion to dismiss . . . for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. Atl. City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (internal quotation marks and citation omitted). As such, district courts "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

**B.     Rule 12(b)(6) Standard**

Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v.*

*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.  DISCUSSION

#### A.  Subject Matter Jurisdiction

##### 1.  *Named Defendants*

Defendants contend that Plaintiff has not adequately pleaded the existence of subject matter jurisdiction as to the named defendants because Plaintiff has not alleged the state of incorporation as to Shimons or Interco. (Defs.' Moving Br. 2-3; Defs.' Reply Br. 1-2.) Plaintiff maintains that there is in fact complete diversity. (Pl.'s Opp'n Br. 3.) The Court considers these arguments below.

To establish the citizenship of a corporation, the Third Circuit "require[s] complaints to include allegations of both the place of incorporation and the principal place of business of the corporate parties." *Moore v. Sylvania Elec. Prods., Inc.*, 454 F.2d 81, 84 n.1 (3d Cir. 1972) (citing *Guerrino v. Ohio Cas. Ins.*, 423 F.2d 419 (3d Cir. 1970)). Here, Plaintiff has alleged that Shimons

is a corporation headquartered[7] in New Jersey but includes no allegations about its state of incorporation. Plaintiff similarly alleges that Interco is a corporation headquartered in New Jersey but includes no allegations about its state of incorporation. As such, the Amended Complaint is lacking an essential element, Shimons's and Interco's place of incorporation, as required to adequately plead diversity jurisdiction.[8] *Cf. Miller v. Native Link Constr., LLC*, No. 15-1605, 2016 WL 4701454, at *6 (W.D. Pa. Sept. 8, 2016) (finding complaint failed to plead diversity jurisdiction where it failed to aver the principal place of business for two corporate defendants).

Plaintiff attempts to cure this defect in its opposition brief and "clarifies" that: (1) Shimons is incorporated in New Jersey; and (2) Interco's LLC members are New Jersey citizens.[9] (Pl.'s Opp'n Br. 3.) If a plaintiff does not plead the elements of diversity jurisdiction on the face of the complaint, however, it cannot cure the defect by including such elements in its opposition brief. *Cf. Holman v. Carpenter Tech. Corp.*, 484 F. Supp. 406, 408 (E.D. Pa. 1980) (noting that when facts establishing complete diversity are not on the face of the complaint, a "plaintiff cannot cure the defect by attempting to set forth defendant's principal place of business in his brief") (citing *Dorfman v. Chem. Bank*, 56 F.R.D. 363, 365 (S.D.N.Y. 1972)). "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Janowski v. City of N.*

---

[7] For both Shimons and Interco, Plaintiff only includes allegations concerning the headquarters of the company, rather than its "principal place of business." The Court notes that a corporation's principal place of business "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). As the Court has not been presented with any arguments to the contrary, the Court accepts that Shimons's and Interco's principal places of business are their respective headquarters.

[8] Moreover, as Defendants note, Interco has the phrase "LLC" in its name, suggesting it might actually be an LLC. (Defs.' Moving Br. 2.) If that's the case, Plaintiff has not identified the citizenship of any LLC members in the Amended Complaint as required to establish diversity jurisdiction.

[9] The Court notes that Plaintiff refers to "Exhibit 4" and "Exhibit 5" as support for these assertions, but there were no exhibits filed with Plaintiff's opposition brief. (*See generally* Pl.'s Opp'n Br.)

7

*Wildwood*, 259 F. Supp. 3d 113, 120 (D.N.J. 2017) (citing *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). As such, the Court does not consider Plaintiff's additional factual allegations, and finds that Plaintiff has failed to plead diversity jurisdiction as to Shimons and Interco.[10]

### 2. *Fictitious Defendants*

Defendants argue that the inclusion of the Doe Defendants destroys complete diversity because Plaintiff states nothing about their citizenship. (Defs.' Moving Br. 3.) Plaintiff does not seem to meaningfully oppose Defendants' contention, but rather urges the Court to dismiss the claims against the Doe Defendants to preserve diversity jurisdiction and allow the case to proceed against the named defendants. (Pl.'s Opp'n Br. 3-4.) Defendants do not oppose this request. (Defs.' Reply Br. 2.)

In the Third Circuit, "John Doe parties destroy diversity jurisdiction if their citizenship cannot truthfully be alleged."[11] *Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 494 (3d Cir. 2006); *see also Tungsten Heavy Powder & Parts, Inc. v. Glob. Tungsten & Powders Corp.*, No. 17-1948, 2018 WL 656033, at *4 (M.D. Pa. Feb. 1, 2018) (finding that "while the citizenship of defendants sued under fictitious names is disregarded in diversity cases removed from a state court,

---

[10] It is not lost on the Court that as a defendant to this action, Interco must file a corporate disclosure statement under Federal Rule of Civil Procedure 7.1 and has thus far failed to do so. If Plaintiff files a Second Amended Complaint, Interco must file a corporate disclosure statement in accordance with Federal Rule of Civil Procedure 7.1.

[11] While exceptions to this general rule have been made for nominal parties, the Court finds that the Doe Defendants here are not merely nominal. Plaintiff does not only name the Doe Defendants "in the event that during discovery [plaintiff] identifie[s] any additional defendants [it] wishe[s] to add to the suit." *Pooler v. Mrs. Kurbitis Realty, LLC*, No. 14-429, 2015 WL 5897455, at *2 (D.N.J. Oct. 7, 2015) (finding fictitious parties were "named only as nominal defendants because they are not mentioned outside of the caption of [p]laintiff's complaint . . ."). Instead, Plaintiff includes allegations regarding the Doe Defendants in the Amended Complaint, and thus they are not nominal and do not qualify for this exception. (*See* Am. Compl. 5-6.)

the failure to allege the citizenship of a 'John Doe' defendant in a non-removed action premised on diversity is fatal"); *Kabbaj v. Am. Sch. of Tangier*, No. 10-431, 2015 WL 6757525, at *2 (D. Del. Nov. 5, 2015) ("Generally, fictitious-party pleading is not permitted in federal court." (quotations omitted)). Here, Plaintiff does not allege any information about the citizenship of the Doe Defendants, which therefore destroys complete diversity.

Even where John Doe defendants destroy complete diversity, however, a court may exercise its discretion to dismiss the nondiverse party and allow the case to proceed. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 421 (3d Cir. 2010); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). Since the Court has already found that Plaintiff has failed to properly plead the citizenship of Shimons and Interco, however, dismissal of the Doe Defendants would not cure Plaintiff's Amended Complaint. *See Tungsten Heavy Powder*, 2018 WL 656033, at *4 (refusing to drop Doe defendants that destroyed diversity where "dismissal of the Doe [d]efendants would not cure [p]laintiff's failure to properly plead its own corporate citizenship or that of [a defendant]"). The Court, accordingly, dismisses the Amended Complaint for lack of subject matter jurisdiction. As such, the Court does not evaluate Defendants' arguments under Rule 12(b)(6). If Plaintiff files a Second Amended Complaint, as it will be permitted an opportunity to do, and Defendants believe their arguments still apply, Defendants may reassert their arguments in a subsequent motion to dismiss.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is granted. Plaintiff will be allowed an opportunity to file a Second Amended Complaint.[12] The Court will issue an Order consistent with this Memorandum Opinion.

                                         */s/ Michael A. Shipp*
                                         MICHAEL A. SHIPP
                                         UNITED STATES DISTRICT JUDGE

---

[12] Because Plaintiff has failed to demonstrate subject matter jurisdiction, the Court terminates the default judgment motion as to Shimons. (ECF No. 24.)