<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATEVOSIAN ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ISLICK TRADING LLC, *et al.*, <br><br> Defendants. | Civil Action No. 23-23136 (MAS) (JBD) <br><br> **MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

    This matter comes before the Court upon Defendants Islick Trading LLC ("Islick") and Interco Latam LLC's ("Interco") (collectively, "Defendants") Motion to Dismiss (ECF No. 32)[1] Plaintiff Matevosian Enterprises, Inc.'s ("Plaintiff") Third Amended Complaint ("TAC") (ECF No. 35).[2] Plaintiff opposed (ECF No. 36), and Defendants replied (ECF No. 37). After careful consideration of the parties' submissions, the Court decides Defendants' motion without oral

---

[1] Defendants' Motion to Dismiss addresses the Second Amended Complaint, as Defendants did not elect to file supplemental briefing as to the TAC, despite being provided the opportunity to do so. (*See* ECF No. 42.)

[2] The TAC also brings claims against Defendant Shimons Express Inc. ("Shimons"). The Court recognizes that there was a Clerk's Entry of Default on September 6, 2024, and Plaintiff filed a Motion for Default Judgment on September 23, 2024. (ECF No. 24.) Since that time, however, on December 18, 2024, Plaintiff filed an amended complaint. (*See* ECF No. 31.) "[T]he Clerk's entry of default on the original complaint was rendered moot since the amended complaint superseded the original complaint." *Dabur India Ltd. v. Meenaxi Enters. Inc.*, No. 21-11402, 2021 WL 3511130, at *1 (D.N.J. Aug. 10, 2021) (quoting *Auto. Rentals, Inc. v. Bama Com. Leasing LLC*, No. 17-3877, 2018 WL 3159852, at *1 (D.N.J. Mar. 9, 2018)). As such, the Court "concludes that the Clerk's entry of default on the earlier-filed pleading shall be set aside." *Sarwar v. 208 WHP LLC*, No. 20-15762, 2021 WL 130526, at *1 (D.N.J. Jan. 14, 2021) (citing *Huertas v. TransUnion, LLC*, No. 08-244, 2009 WL 10690329, at *2 (D.N.J. Nov. 10, 2009)).

argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, Defendants' Motion to Dismiss is granted in part and denied in part.

I. **BACKGROUND**

A. **Factual Background**[3]

In its Opinion today, the Court focuses on the additional allegations that Plaintiff brought in the TAC and whether such additions render it capable of surviving Defendants' Motion to Dismiss. As such, the Court adopts and incorporates the background set forth in the Court's Memorandum Opinion dated November 19, 2024 (the "November 2024 Opinion"), dismissing Plaintiff's Amended Complaint. (Mem. Op., ECF No. 29.) For the sake of clarity, the Court recounts certain factual allegations below.

Plaintiff is a corporation formed under the laws of the State of California, with its principal place of business also in California. (TAC ¶ 1, ECF No. 35.) Islick is an LLC whose members are all citizens of New Jersey. (*Id.* ¶ 3; Reply to Order to Show Cause 2, ECF No. 4.) Interco is an LLC whose sole member is a citizen of New Jersey. (TAC ¶ 5.) Shimons is a corporation headquartered in New Jersey that provides shipping services. (*Id.* ¶ 4.) Plaintiff originally also sued fifty John Does (the "Doe Defendants") who are unknown to Plaintiff. (Am. Compl. ¶ 6, ECF No. 8.)

Plaintiff hired Shimons to deliver pallets to Islick, and Plaintiff explicitly notified Shimons to only deliver the pallets after Islick paid its bill. (TAC ¶¶ 9-10.) Shimons, however, delivered the pallets, without Plaintiff's authorization, before receiving payment from Islick. (*Id.* ¶ 11.) Plaintiff

---

[3] For the purpose of considering the instant motion, the Court accepts all factual allegations in the TAC as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

further alleges that Islick has failed to pay its bill, resulting in a breach of contract entitling it to damages of $159,617. (*Id.* ¶¶ 11, 19-23, 27.)

Plaintiff alleges that Islick and Interco "operate as a unified entity" and that Islick transferred assets, "includ[ing] client lists and contacts, and other corporate cash and capital assets," to Interco with the purpose of delaying payment to Plaintiff or otherwise placing the assets beyond Plaintiff's reach. (*Id.* ¶¶ 35-36.) Plaintiff alleges "[t]he transfer occurred after the filing of a lawsuit by P[laintiff] in the State Court of California." (*Id.* ¶ 37.) Islick allegedly transferred the assets without receiving "reasonably equivalent value in exchange." (*Id.* ¶ 36.) This transfer consequently left Islick "insolvent or significantly undercapitalized in relation to its debts," including the obligation owed to Plaintiff. (*Id.* ¶¶ 37-39.)

### B.   The Court's Previous Opinion

In the November 2024 Opinion, this Court granted Defendants' motion to dismiss Plaintiff's amended complaint in its entirety, holding that the amended complaint failed to establish complete diversity, and consequently subject-matter jurisdiction, as it did not include allegations concerning Defendants' places of incorporation and the citizenships of the Doe Defendants. (Mem. Op. 6-9.)

### C.   Plaintiff's TAC

Plaintiff subsequently filed a Second Amended Complaint ("SAC") (ECF No. 31), and Defendants filed the operative motion to dismiss (ECF No. 32). Plaintiff then filed the TAC (ECF No. 35) without obtaining leave from the Court. After a telephone status conference, however, the Court granted Plaintiff leave to file the TAC. (ECF No. 42.)

Plaintiff's TAC removed references to the Doe Defendants and included additional information regarding Claims One, "Breach of Implied-In-Fact Contract," and Four, "Fraudulent

3

Conveyance." (*See generally* TAC.) Plaintiff alleges that the business dealings between itself and Islick were "governed by an implied-in-fact contract, which arose from the parties' prior course of dealing," and that the costs of Plaintiff's shipments "were consistent with the market value for such goods." (*Id.* ¶¶ 13-14.) Plaintiff also alleged more information about the delivery in question, including the May 2022 dates that the orders were placed, some of the contents of the orders ("327 PlayStation 5 Consoles"), and that "I[slick] requested that the ordered items, which were placed in container palettes, be delivered through service by [Shimons]." (*Id.* ¶¶ 15-17.)

Plaintiff also added details to the Fraudulent Conveyance claim, including allegations that: (1) Interco was "incorporated on February 1, 2024," years after the unpaid delivery in question; (2) "specific assets transferred" from Islick to Interco "included client lists and contacts, and other corporate cash and capital assets"; (3) Islick initiated the transfer "after the filing of a lawsuit by P[laintiff] in the State Court of California"; and (4) the conveyance "was conducted through mechanisms such as wire transfers, inventory transfers, or other forms of asset conveyance, intended to obscure I[slick]'s solvency and prevent recovery." (*Id.* ¶¶ 35-40.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2)[4] "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with sufficient particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "A plaintiff alleging fraud must therefore support its allegations 'with all of the essential factual background [information] . . . the who,

---

[4] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

4

what, when, where and how of the events at issue.'" *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.   DISCUSSION

#### A.   Subject Matter Jurisdiction

Defendants argue that Plaintiff has once again failed to plead complete diversity because the TAC still includes Doe Defendants, particularly in Paragraph 6 (TAC ¶ 6), which Defendants argue "includes extensive allegations about acts of individuals, even though both named

defendants are legal entities." (Defs.' Reply Br. 1 n.1, ECF No. 37; Defs.' Moving Br. 1-2, ECF No. 32.)

As an initial matter, the TAC does not include Doe Defendants in its caption.[5] (*See* TAC.) The TAC also does not levy any specific claims against any Doe Defendants or individuals. (*See generally id.*) Rather, the TAC alleges that any action taken by an employee or agent of the named legal entity defendants was "authorized, ordered, and directed" by those entities, the entities had "advance knowledge" of any such acts, and the entities ratified or otherwise approved of these acts. (*Id.* ¶ 6.) Because the TAC does not assert any specific claims against any individual, the Court will "disregard these parties in this opinion." *See Carson v. Vernon Township*, No. 09-6126, 2010 WL 2985849, at *1 n.1 (D.N.J. July 21, 2010) (disregarding "John and Jane Doe(s)" within a complaint where "no specific claims [were] asserted against any of them"). As such, Plaintiff has carried its burden to establish diversity subject-matter jurisdiction,[6] and the Court will deny Defendants' motion to dismiss the TAC for lack of subject-matter jurisdiction.

B.   **Claim One: Breach of Implied-In-Fact Contract**

Defendants argue that Plaintiff has failed to state a claim for Breach of Implied-In-Fact Contract by failing to allege that "Islick placed an order in an 'agreed-upon amount' or an agreed-upon price." (Defs.' Moving Br. 4.) In particular, they argue that "there is no allegation that

---

[5] Defendants also point out that the docket entry for the amended complaints still include the Doe Defendants. (Defs.' Moving Br. 2.) The inclusion of such parties in the docket entry, but not within the TAC itself, however, can be considered an error done by whoever uploaded the amended complaints to the docket. Arguments that "'errors' on the docket divest the Court of jurisdiction are frivolous." *United States v. Andrews*, No. 92-671-8, 2015 WL 10937417, at *1 (E.D. Pa. Mar. 10, 2015).

[6] Plaintiff has also remedied the deficiencies the Court identified in the November 2024 Opinion regarding the citizenship of Shimons and Interco by adding allegations concerning their states of incorporation (*see* TAC ¶¶ 4-5), and Defendants do not argue otherwise (*see generally* Defs.' Moving Br.; Defs.' Reply Br.).

6

for the shipment(s) that are the basis of suit, any order was placed or that the parties reached any agreement, express or implied, as to quantity or price of pallets." (*Id.*)

In general, "there are three types of contracts: express, implied-in-fact, and implied-in-law." *Fittipaldi v. Monmouth Univ.*, No. 20-5526, 2021 WL 2210740, at *4 (D.N.J. June 1, 2021) (citing *Wanaque Borough Sewerage Auth. v. Township of West Milford*, 677 A.2d 747, 752 (N.J. 1996)). "[A]n 'implied-in-fact' contract 'is a true contract arising from mutual agreement and intent to promise, but in circumstances in which the agreement and promise have not been verbally expressed. The agreement is rather inferred from the conduct of the parties.'" *Id.* (quoting *Baer v. Chase*, 392 F.3d 609, 616 (3d Cir. 2004)). Otherwise, "[t]he elements necessary to form an implied-in-fact contract are identical to those required for an express agreement." *Premier Orthopaedic Assocs. of S. N.J., LLC v. Anthem Blue Cross Blue Shield*, 675 F. Supp. 3d 487, 494 (D.N.J. 2023) (citing *In re Penn Cent. Transp. Co.*, 831 F.2d 1221, 1228 (3d Cir. 1987)). "Courts often find and enforce implied promises by interpretation of a promisor's word and conduct in light of the surrounding circumstances." *Wanaque*, 677 A.2d at 752 (citation omitted). "Whether the parties acted in a manner sufficient to create implied contractual terms is a question of fact," and therefore, not appropriate for resolution at this stage absent a dearth of factual allegations. *Melone v. Cryoport Inc.*, No. 23-3243, 2024 WL 1743108, at *11 (D.N.J. Apr. 23, 2024) (quoting *Troy v. Rutgers*, 774 A.2d 476, 483 (N.J. 2001)).

Here, Plaintiff alleges that "around May 19th and May 26th, 2022[,]" Islick placed two orders for items "including . . . 327 PlayStation 5 Consoles." (TAC ¶ 16.) Plaintiff further alleges that the "implied-in-fact contract," which governed business transactions between Plaintiff and Islick and "which arose from the parties' prior course of dealing[,]" established that the prices "for each shipment were calculated based on previous agreements between the parties and were

consistent with the market value for such goods." (*Id.* ¶¶ 13-14.) Contrary to Defendants' argument, Plaintiff did allege an agreed-upon quantity and amount of pallets. (*See id.*) Moreover, Plaintiff adequately alleges the elements of a valid contract, which "requires mutual assent, consideration, and performance by both parties." *Premier Orthopaedic Assocs. of S. N.J., LLC*, 675 F. Supp. 3d at 494 (citing *Goldfarb v. Solimine*, 25 A.3d 570, 577 (2021)). Here, Plaintiff has alleged: (1) mutual assent by claiming that itself and Islick "were in agreement as to the terms of the contract[;]" (2) consideration by alleging Plaintiff provided the requested pallets to Islick, "with I[slick] agreeing to pay for the goods upon delivery or invoicing[;]" and (3) performance by stating that "P[laintiff] fully performed all conditions, covenants, and promises . . . on the part of their agreement" and "I[slick] . . . repeatedly engag[ed] in transactions under these terms, [by] placing orders[] and providing partial payments." (TAC ¶¶ 13-15, 18.) Since Plaintiff has adequately pled the existence of a valid implied-in-fact contract, Defendants' Motion to Dismiss Plaintiff's Breach of Implied-In-Fact Contract claim is denied.

### C.     Claim Four: Fraudulent Conveyance

Defendants argue that Plaintiff's claim for fraudulent conveyance should be dismissed because Plaintiff fails to provide any details about where, when, or how many assets were transferred or even what type of assets were transferred. (Defs.' Moving Br. 4-5.) They also argue that Plaintiff impermissibly relies on allegations of information and belief. (*Id.* at 5.) Plaintiff argues in opposition that it has "sufficiently alleged the fraudulent transfer, including the method of transfer and intent to hinder Plaintiff's recovery." (Pl.'s Opp'n Br. 6, ECF No. 36.) Plaintiff further argues that it provides the factual basis for any allegations pled on information and belief. (*Id.*)

"To allege a claim for fraudulent conveyance," Plaintiff "must allege[:]'(1) an actual conveyance of property or assets by the debtor which[;] (2) is made while a suit is pending or in anticipation of a lawsuit[;] (3) renders the transferor insolvent or greatly reduces its estate[;] and (4) is made for less than fair consideration.'" *Timm v. Fed. Home Loan Mortg. Corp.*, No. 19-17304, 2022 WL 504596, at *2 (D.N.J. Feb. 18, 2022) (citations omitted), *aff'd*, No. 22-1507, 2022 WL 15761357 (3d Cir. Oct. 28, 2022). Since it is a fraud claim, Plaintiff must also "satisfy the heightened pleading requirements of [Rule] 9(b)," which requires that "the circumstances constituting fraud or mistake shall be stated with particularity." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1417 (3d Cir. 1997). To satisfy the particularity requirement, Plaintiff must therefore allege the "date, time[,] and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)); *see also Majestic Blue Fisheries*, 812 F.3d at 307 ("A plaintiff alleging fraud must therefore support its allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where[,] and how of the events at issue.'" (citation omitted)). "[A]llegations based on information and belief do not satisfy Rule 9(b) unless the complaint sets forth the facts upon which the belief is founded." *Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295, 313 (D.N.J. 2005) (quoting *Driscoll v. Landmark Bank for Sav.*, 758 F. Supp. 48, 53 (D. Mass. 1991)) *aff'd*, 691 F.3d 527 (3d Cir. 2012); *see also Essex Ins. Co. v. Miles*, No. 10-3598, 2010 WL 5069871, at *3 (E.D. Pa. Dec. 3, 2010) (holding that allegations based on information and belief that are "legal conclusions devoid of any facts regarding the time, place[,] or manner of actual conduct" should be dismissed (internal quotation omitted)).

As to the first element of a claim for fraudulent transfer—"an actual conveyance of property or assets by the debtor"—the TAC alleges that Islick conveyed assets, "includ[ing] client lists and contacts, and other corporate cash and capital assets" to Interco. (TAC ¶ 35.) Plaintiff further alleges that this transfer is "believed to be over $159,617 . . . which is the amount due under the [purported] breached contract." (*Id.* ¶¶ 38-39.) Plaintiff finally alleges—based on information and belief—that "the fraudulent transfer was conducted through mechanisms such as wire transfers, inventory transfers, or other forms of asset conveyance, intended to obscure I[slick]'s solvency and prevent recovery by P[laintiff]." (*Id.* ¶ 40.)

Here, the TAC sets forth no facts supporting Plaintiff's allegations on information and belief concerning the amount of the alleged fraudulent transfer or the means by which Interco conveyed the assets. (*See id.* ¶¶ 38, 40.) The Court is sensitive to the fact that, prior to discovery, "[P]laintiff[] cannot be expected to have personal knowledge of the details of corporate internal affairs[,]" and thus the "heightened standard for pleading fraud is relaxed in circumstances where the information necessary to plead with particularity is concealed by defendants." *Hunt Const. Grp., Inc. v. Farina*, No. 11-4933, 2012 WL 72286, at *5 (D.N.J. Jan. 10, 2012) (citations omitted). Even if Plaintiff's reliance on information and belief is unsurprising given the allegations that Defendants' "actions [] were specifically designed to conceal" the fraudulent conveyances (TAC ¶ 40), applying the relaxed Rule 9(b) particularity standard "requires that a complaint must delineate at least the nature and scope of plaintiffs' effort to obtain, before filing the complaint, the information needed to plead with particularity." *Friedberg v. Barefoot Architect Inc.*, 723 F. App'x 100, 103 (3d Cir. 2018) (quoting *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 285 (3d Cir. 1992)). Here, Plaintiff has not delineated any effort made to obtain the necessary information required to satisfy the Rule 9(b) standard. (*See generally* TAC.) As such, the Court finds that Plaintiff fails to

10

adequately plead the first element of a fraudulent conveyance. Plaintiff's fraudulent conveyance claim is, accordingly, dismissed without prejudice. *See, e.g., Twin Cap. Partners, LLC v. Wickstrom*, No. 20-2869, 2020 WL 6747026 (D.N.J. Nov. 17, 2020) (dismissing fraudulent conveyance claim without prejudice where Plaintiff failed to satisfy the heightened pleading standard of Rule 9(b)).

IV. **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is granted in part and denied in part. The Court will issue an Order consistent with this Memorandum Opinion.

Dated: August 28, 2025

                                                        MICHAEL A. SHIPP
                                                        UNITED STATES DISTRICT JUDGE